UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>HOTI ENTERPRISES, L.P., and HOTI REALTY MANAGEMENT CO., INC.,<br><br>　　　　　　　　　　Debtors.<br>------------------------------------------------------------------<br>HOTI ENTERPRISES, L.P., and HOTI REALTY MANAGEMENT CO., INC.,<br><br>　　　　　　　　　　Appellants,<br><br>　　-against-<br><br>GECMC 2007 C-1 BURNETT STREET, LLC,<br><br>　　　　　　　　　　Appellee. | 15-cv-4093 (NSR)<br><br>OPINION AND ORDER |

NELSON S. ROMÁN, United States District Judge:

On April 13, 2015, upon the motion of GECMC 2007 C-1 Burnett Street, LLC, ("Appellee") (Bankr. Doc. No. 415), and having received the opposition and objection of Hoti Enterprises, L.P., and Hoti Realty Management Co., Inc., ("Appellants") (Bankr. Doc. Nos. 418, 427), and having held a hearing on the motion on April 10, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") issued a Final Decree and Order Closing the Debtors' Chapter 11 Cases (the "Final Closing Order"). (Bankr. Doc. No. 428.)

On April 23, 2015, Victor Dedvukaj, purportedly appearing *pro se* on behalf of Appellants, filed the instant appeal to the Final Closing Order. (Bankr. Doc. No. 429.) Appellants subsequently retained counsel to assist in this appeal. For the following reasons, the Bankruptcy Court's Final Closing Order is AFFIRMED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2016

**STANDARD OF REVIEW**

The standard of review applicable to matters within bankruptcy jurisdiction is governed by the Federal Rules of Bankruptcy Procedure. On appeal, the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re DPH Holdings Corp.*, 468 B.R. 603, 611 (S.D.N.Y. 2012) (quoting former Fed. R. P. 8013).[1] "The Court will review the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error." *Weber v. SEFCU*, 477 B.R. 308, 310 (N.D.N.Y. 2012) *aff'd sub nom. In re Weber*, 719 F.3d 72 (2d Cir. 2013) (citing *In re Smorto*, 07–CV–2727, 2008 WL 699502, at *4 (E.D.N.Y. Mar. 12, 2008)). Decisions within the sound discretion of the Bankruptcy Court, like the one at issue here, are reviewed for abuse of discretion. *See In re Kassover*, 448 B.R. 625, 631 (S.D.N.Y. 2011) (abuse of discretion standard applied to appeal of decision to reopen bankruptcy case) (citing *International Asset Recovery Corp. v. Thomson McKinnon Secs.*, 335 B.R. 520, 525 (S.D.N.Y. 2005)) ("The exercise of the bankruptcy court's equity powers, such as a decision to reopen a closed case, should be overturned only upon a showing that the decision was an abuse of discretion."); *In re Spokane Raceway Park Inc.*, No. BAP EW-12-1659, 2013 WL 3972429, at *3 (9th Cir. B.A.P. Aug. 2, 2013) (abuse of discretion standard applied to bankruptcy court's decision to enter a final decree and close a Chapter 11 case); *In re Shotkoski*, 420 B.R. 479, 481 (8th Cir. B.A.P. 2009) (same); *In re Union Home & Indus., Inc.*, 375 B.R. 912, 918 (10th Cir. B.A.P. 2007) (same).

---

[1] On April 25, 2014, the Federal Rules of Bankruptcy Procedure were amended, effective December 1, 2014, by order of the Supreme Court of the United States. *See* Order Amending Fed. R. Bankr. P. (Apr. 25, 2014), http://www.supremecourt.gov/orders/courtorders/frbk14_d28l.pdf. The amendments, among other things, removed Rule 8013 and replaced it with a revised version of former Rule 8011. Despite the omission of what existed as Rule 8013 prior to December 2014, logic still compels the same conclusion with respect to the appellate powers of the District Court.

## DISCUSSION

Appellants' brief in support of their appeal focuses largely on certain motions Appellants filed or sought to file in the Bankruptcy Court. Although framed as reasons why Appellants disagree with the Bankruptcy Court's closure of the Chapter 11 cases, these arguments are not relevant to the Final Closing Order that they are appealing. (*See* Appellants Br. at 12-13.) Many of these issues, which relate to prior orders of the Bankruptcy Court, have already been appealed to this Court and the Second Circuit, all of which have been affirmed or dismissed. *See*, *e.g.*, *In re Hoti Enterprises, L.P.*, No. 12-CV-5341 CS, 2012 WL 6720378 (S.D.N.Y. Dec. 27, 2012), *aff'd*, 549 F. App'x 43 (2d Cir. 2014) (affirming order denying motion for relief from Cash Collateral Order) (Bankr. Doc. Nos. 210, 218, 374); *In re Hoti Enterprises, L.P.*, No. 12 CV 8030 VB, 2013 WL 1812197 (S.D.N.Y. Apr. 26, 2013), *aff'd sub nom. In re Hoti Enterprises L.P.*, 562 F. App'x 1 (2d Cir. 2014) (affirming the Confirmation Order and the Bankruptcy Court's denial of reconsideration of the Confirmation Order) (Bankr. Doc. Nos. 240, 243, 276, 287, 399).

Appellants' only arguments related to the Final Closing Order summarize certain purportedly "unscrupulous actions by GECMC," which Appellants believe should have resulted in the Bankruptcy Court retaining jurisdiction over the case and permitting Appellants to file a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to set aside the Cash Collateral Order. (Appellants' Br. at 13.) Though the Bankruptcy Court considered Appellants' request to file a Rule 60 motion with respect to the Cash Collateral Order on April 10, 2015, the same day on which it heard arguments to close the Chapter 11 cases, it issued a separate order denying Appellants' request. (*See* Bankr. Doc. No. 426.) That order, however, is not the Final Closing Order from which Appellants' appealed. (*See* Bankr. Doc. Nos. 428, 429.) The Court's

3

review on this appeal is limited to only the Final Closing Order, which makes no reference whatsoever to the Rule 60 motion. *See In re IDC Servs., Inc.*, No. 93 B 45992 (SMB), 1998 WL 547085, at *2 (S.D.N.Y. Aug. 28, 1998) (court is limited to reviewing the correctness of only the order from which the appeal was taken and appellant may not seek relief beyond the scope of that order).

Missing from Appellants' brief is any explanation of how the Bankruptcy Court abused its discretion in ordering the Final Closing Order pursuant to 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 3022. In fact, neither the relevant statute nor the bankruptcy rule are even mentioned in Appellants' brief. Without any explanation of how the Bankruptcy Court abused its discretion in determining that "the estate [wa]s fully administered," which is required under § 350(a) to close the case, the Court has no basis on which to reverse the Bankruptcy Court's order.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's Final Decree and Order Closing the Debtors' Chapter 11 Cases. The Clerk of Court is respectfully directed to close this case.

Dated: May 6th, 2016
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

4